UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MARCO MORFIN ALVAREZ,<br><br>　　　　　Defendant. | CR. NO. 16-00580 LEK |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
OR REDUCTION IN SENTENCE, FILED 9/2/21**

　　　　Defendant Marco Morfin Alvarez ("Morfin Alvarez") seeks sentence reduction and compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A). See Motion for Compassionate Release or Reduction in Sentence Under Section 3582(C)(1)(A), and App. Note 1(D) of & 1B1.13; and Also to Appoint Counsel Pursuant to U.S.C. 18. 3006A for Good Cause Showing Herein ("Motion"), filed 9/2/21 (dkt. no. 204). He is currently in the custody of the Federal Bureau of Prisons ("BOP") at Federal Detention Center Honolulu in Honolulu, Hawai`i, and has a release date of February 8, 2028. Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited Apr. 26, 2022). Morfin Alvarez initially proceeded pro se but, on September 15, 2021, counsel was appointed to represent him. See CJA 20 Appointment of and Authority to Pay Court Appointed Counsel form, filed 9/15/21 (dkt. no. 207).

For the reasons stated below, Morfin-Alvarez's Motion is hereby denied.

**BACKGROUND**

The facts of this matter arise out of the indictment filed on September 28, 2016 against Morin Alvarez charging him with two counts: first, conspiring with another person to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers ("methamphetamine"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846 (Count 1); second, one count of possessing with the intent to distribute 50 grams or more of methamphetamine, in violation of §§ 846, 841(a)(1) and (b)(1)(A) (Count 2). See Indictment, filed 9/28/16 (dkt. no. 19). A jury trial was held from August 5 through 9, 2019, and the jury returned a guilty verdict as to both counts on August 9, 2019. See Minutes - EP: Status Conference; and Further Jury Trial-5th day, filed 8/9/19 (dkt. no. 147); Verdict, filed 8/9/19 (dkt. no. 144). On June 9, 2021, the Court sentenced him to 120 months of imprisonment as to each of Counts 1 and 2, to run concurrently, and a term of supervised release of five years as to each of Counts 1 and 2, to run concurrently. See Judgment in a Criminal Case, filed 6/10/21 (dkt. no. 192), at 3-4. He filed his notice of appeal on

June 10, 2021.  See Notice of Appeal, filed 6/10/21 (dkt. no. 195).

Morfin Alvarez seeks sentence reduction on the basis that this Court determined that his guideline range for incarceration was 36-60 months but, because of the mandatory minimum term of imprisonment demanded by statute, he was sentenced to ten years of incarceration as to Counts 1 and 2, to run concurrently.  See Motion at PageID #: 1891.  Morfin Alvarez contends that the First Step Act was passed by Congress and permits sentence reduction for "extraordinary and compelling" reasons; although it carved out rehabilitation alone as insufficient to qualify as an "extraordinary and compelling" reason.  [Id. at PageID #: 1892.]  He submits that Congress delegated the definition of what constitutes "compelling and extraordinary" in this context to the United States Sentencing Commission ("the Commission") and, consequently, the Commission promulgated several categories of qualifying reasons.  [Id.]  He submits that he has exhausted his administrative remedies, [id. at PageID #: 1893,] and contends that his 10-year sentence is beyond what is usual or customary, and results in an overly unjust, harsh and unfair sentence that, when compared to the sentences imposed on other defendants with similar offenses and who also played minor roles in the offenses, [id. at PageID #: 1894-95].  Further, he points out that this Court, at the

3

time of sentencing, stated that it would have imposed a sentence in the range of three to five years but was compelled by statute to sentence him to the mandatory minimum term of incarceration of ten years. [Id. at PageID #: 1895.] Lastly, he submits that consideration of his 18 U.S.C. § 3553(a) factors is in his favor in that: since being incarcerated, he has taken the General Education Degree course and other education classes offered; he is studying the manual for the Commercial Driver's License examination; he is working in food service at FDC Honolulu; and he has a plan for his eventual reentry into the community. [Id.] He also points to his compliance on pretrial release, his role was as a minor participant in the offense, and his conviction is his first felony. [Id.]

Plaintiff United States of America ("the Government") opposes the Motion. See Government's Response to Defendant's Motion for Compassionate Release or Reduction in Sentence Under Section 3582(C)(1)(A) (Mem. in Opp."), filed 10/18/21 (dkt. no. 210). It concedes that Morfin Alvarez has complied with the administrative exhaustion requirement. [Id. at PageID #: 1927.] It points out that Morfin Alvarez "has the burden to show circumstances meeting the test for compassionate release." [Id. at PageID#: 1930 (citing United States v. Neal, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020)).] It argues that extraordinary and compelling reasons for sentence reduction are not present in

4

that Morfin Alvarez's argument that his sentence "was extremely high in comparison to the circumstance of the crime committed" is not a basis recognized by the First Step Act nor the Commission's policy statement and application notes. [Id.] In addition, although Morfin Alvarez did not argue that his health should be considered as a reason for granting compassionate release, the Government submits that his medical records provide no medical condition that would support sentence reduction. See id. at PageID #: 1931-32.

## DISCUSSION

Generally, courts have limited power to modify terms of imprisonment after a defendant has been sentenced. Dillon v. United States, 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" (quoting 18 U.S.C. § 3582(c)). As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes an exception to that general rule and permits modification of a sentence:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
>> (1) in any case--
>>
>>> (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all

5

>> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> > (i)  extraordinary and compelling reasons warrant such a reduction . . .
>> >
>> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Since the Government agrees that Morfin Alvarez has demonstrated exhaustion of administrative remedies, the Court turns to the issue of whether "extraordinary and compelling reasons" exist to warrant sentence reduction.

A sentence reduction is only permitted where there are "extraordinary and compelling reasons," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 3582(c)(1)(A)(i). The key term "extraordinary and compelling reasons" was not, however, defined. United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021). The Sentencing Commission does provide guidance in its

policy statement as considerations for finding "extraordinary and compelling reasons" and sets forth certain circumstances that justify sentence reduction, including serious medical conditions, advanced age, certain family circumstances, and other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1. However, this statement has not been updated "since the First Step Act amended § 3582(c)(1)(A)." Aruda, 993 F.3d at 800. Thus, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. at 802 (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

Morfin Alvarez's argument that his extraordinary and compelling circumstance justifying a sentence reduction is sentencing disparity; that is, other defendants who were not subject to a mandatory minimum sentence received much less than ten years of incarceration for similar offenses, even though they played similar roles in their offenses to his role in the two offenses for which he has been convicted. However, this Court was constrained to impose the mandatory minimum sentence, pursuant to 21 U.S.C. § 841, and the harsh effect of that sentence cannot, standing alone, be the basis of a sentence reduction under § 3582(c)(2). See United States v. Paulk, 569

7

F.3d 1094, 1096 (9th Cir. 2009) (per curiam), *as amended* (Aug. 6, 2009) ("[A] defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under § 3582(c)(2)." (citations omitted)).  Despite any change in guidelines, amendments made after a defendant has been sentenced do not affect statutory mandatory minimum sentences because Congress has "set the floor" for these types of sentences.  United States v. Reyes-Salinas, No. 2:13-cr-00273-JAD-CWH, 2016 WL 901656, at *1 & n.8 (D. Nev. Mar. 8, 2016)(citing Paulk)).  Thus, the mere fact that Morfin Alvarez was subject to a mandatory minimum sentence does not constitute an extraordinary and compelling circumstance for purposes of a sentence reduction.

In addition, this Court liberally construes Morfin Alvarez's Motion as alleging another type of extraordinary and compelling circumstance warranting a sentence reduction - the disparity between the sentence he received and the sentences received by similarly situated defendants who were subject to mandatory minimum sentences but did not receive those sentences because of safety valve relief.[1]  First, Morfin Alvarez is not

---

[1] The United States Supreme Court "ha[s] insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed[.]"  McNeil v. United States, 508 U.S. 106, 113 (1993) (citing Haines v. Kerner, 404 U.S. 519 (1972); Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

8

similarly situated to a defendant who received safety valve relief because this Court found that he was not eligible for such relief, based on § 3553(f)(5).  See Trans. of 6/9/21 Sentencing, filed 7/12/21 (dkt. no. 203), at 21-22 (finding and concluding that the safety valve did not apply to Morfin Alvarez because he did not provide complete and truthful information regarding the offenses that he was convicted of).  To the extent that Morfin Alvarez urges this Court to order a sentence reduction because he should have been granted safety valve relief at sentencing, this is an allegation of error that he has, or had, the opportunity to raise in his pending appeal. See generally Notice of Appeal, filed 6/10/21 (dkt. no. 195). Therefore, the differences between the sentence that Morfin Alvarez received, and the sentences received by defendants who received safety valve relief does not constitute an extraordinary and compelling circumstance warranting a sentence reduction.

Morfin Alvarez "bears the burden to establish extraordinary and compelling reasons that warrant compassionate release."  See United States v. Gorion, CR. NO. 15-00519 JMS (02), 2022 WL 867764, at *4 (D. Hawai`i Mar. 23, 2022) (citing United States v. Bogema, 2020 WL 6150467, at *3 (D. Haw. Oct. 20, 2020)).  Because Morfin Alvarez has failed to carry

9

this burden, compassionate release is not warranted in this case.

## CONCLUSION

For the foregoing reasons, Morfin Alvarez's Motion for Compassionate Release or Reduction in Sentence Under Section 3582(c)(1)(A), and App. Noted 1(D) of & 1B1.13; and Also to Appoint Counsel Pursuant to U.S.C. 18. 3006A for Good Cause Showing Herein, filed September 2, 2021, is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 29, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. MARCO MORFIN ALVAREZ; CR 16-00580 LEK; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE OR REDUCTION IN SENTENCE, FILED 9/2/21**